**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Brian Lee SMITH, Defendant–Appellant.**

**No. 01–5343.**

United States Court of Appeals, Sixth Circuit.

Dec. 12, 2002.

Before NORRIS and GILMAN, Circuit Judges; and MCKEAGUE, District Judge.*

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

## ORDER

Brian Lee Smith appeals his sentence of imprisonment entered upon his plea of guilty to possessing with intent to distribute approximately five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1). The parties have waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. 34(a).

Smith pleaded guilty to one count of a three-count indictment. The count to which Smith pleaded guilty alleged possession with intent to distribute approximately five kilograms of cocaine. Smith's presentence investigation report (PSR) calculated his sentence based on a determination that Smith possessed 4.98 kilograms of cocaine. At sentencing, the government set forth the factual basis for Smith's guilty plea by stating, in part, that "officers ... found five packages of cocaine that weighted approximately five kilograms...." Smith stipulated that the government's statement was true. He did not object to the quantity of cocaine reflected in the PSR. The district court sentenced Smith to ninety months of imprisonment and four years of supervised release.

On appeal, Smith contends that his sentence is unconstitutional pursuant to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Because Smith did not raise an *Apprendi* objection in the district court, review is for plain error. Fed.R.Crim.P. 52(b); *see United States v. Page,* 232 F.3d 536, 544–45 (6th Cir.2000), *cert. denied,* 532 U.S. 935, 121 S.Ct. 1389, 149 L.Ed.2d 312 (2001) and 532 U.S. 1023, 121 S.Ct. 1965, 149 L.Ed.2d 759 (2001) and 532 U.S. 1056, 121 S.Ct. 2202, 149 L.Ed.2d 1032 (2001). The court cannot correct an error pursuant to Rule 52(b) unless there is an "error" that is "plain" or "clear" under current law and that affects substantial rights. *Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); *United States v. Calloway,* 116 F.3d 1129, 1136 (6th Cir.1997). If these conditions are met, the court may exercise discretion and notice the error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Johnson,* 520 U.S. at 467; *United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Smith fails to show that any claimed *Apprendi* error warrants correction under plain error review.

No *Apprendi* violation has occurred in this case because Smith was sentenced based upon an amount of drugs named in his indictment, to which he stipulated at the plea hearing. *See United States v. Harper,* 246 F.3d 520, 530 (6th Cir.), *cert. denied,* — U.S. —, 122 S.Ct. 219, 151 L.Ed.2d 156 (2001). Thus, the trial judge did not determine the amount of drugs attributable to Smith which subjected him to an enhanced statutory sentence. Because Smith stipulated to the applicable drug amount and the district court did not rely on any fact outside of the stipulation to determine drug quantity at sentencing, the principles articulated in *Apprendi* are not implicated. *See id.* at 529.

No *Apprendi* violation has occurred in this case because Smith was not subjected to an enhanced statutory sentence. In *Apprendi,* the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty beyond the statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490.

The amount of cocaine attributable to Smith (4.98 kilograms) did not increase his penalty beyond the statutory maximum. The statutory maximum penalty for possession with intent to distribute an amount of cocaine between 500 grams and 5 kilograms is 40 years. 21 U.S.C. § 841(b)(1)(B). The statutory maximum term of imprisonment for possession with intent to distribute *any* amount of cocaine is 20 years. 21 U.S.C. § 841(b)(1)(C). Smith was sentenced to 7.5 years of imprisonment (90 months). Thus, no *Apprendi* violation occurred. *See United States v. Munoz*, 233 F.3d 410, 414 (6th Cir.2000). Moreover, the constitutional rights prescribed in *Apprendi* apply only to factors that extend a defendant's sentence beyond the statutory maximum, and not to those that increase the statutory mandatory minimum. *Harris v. United States*, —— U.S. ——, 122 S.Ct. 2406, 2414–19, 153 L.Ed.2d 524 (2002); *United States v. Leachman*, 309 F.3d 377, 378 (6th Cir.2002).

Accordingly, we hereby affirm the district court' judgment.